UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| In re JASON LEWIS, | ) ) ) | |
| Debtor. | ) ) ) | Bankruptcy Case No. 13-20786-mdm |
| JASON LEWIS, | ) ) ) ) | Adversary Proceeding |
| | | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SANTANDER CONSUMER USA, INC. | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT BY DEBTOR TO COMPEL TURNOVER OF PROPERTY**

Plaintiff, Jason Lewis, by and through his attorneys, DeLadurantey Law Office, LLC, complains of Defendant, Santander Consumer USA, Inc., and alleges to the best of his knowledge, information and belief, formed after an inquiry reasonable under the circumstances the following:

## INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the failure to return a vehicle repossessed by Santander Consumer USA, Inc., (hereinafter "Santander") under 11 U.S.C. § 542.

Drafted By:
Heidi N Miller
SBN 1087696
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave., Suite 720
Milwaukee, WI 53223
P: 414-377-0515; F: 414-755-0860
heidi@dela-law.com

2. Causes of Action herein are brought under the United States Bankruptcy Code, ("Bankruptcy Code"), 11 U.S.C. §101 *et seq.*

### Jurisdiction and Venue

3. Pursuant to Bankruptcy Rule 7008, this is a core proceeding as defined in 28 U.S.C. §157(b)(2)(O). This proceeding relates to 11 U.S.C. §542.
4. Bankruptcy Rule 7001 (1) and (7) require an action of this nature to be filed as an adversary proceeding.
5. Jason Lewis filed his petition for relief under Chapter 13 of the Bankruptcy Code on January 23, 2013. This Court has jurisdiction under 11 U.S.C. §1331, 28 U.S.C. §1334 and 28 U.S.C. §1367.

### Parties

6. At the time of filing, Jason Lewis is an individual who resides at 3624 N. 50th St., Milwaukee, WI 53216.
7. Santander is a foreign corporation with a principal office of 8585 N. Stemmons Freeway 1100N, Dallas, TX 75247, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

### BACKGROUND

8. Nicholya Farsee (Mr. Lewis' wife) is the owner of a 2006 Infiniti G35 (hereinafter "vehicle"), financed by Santander.
9. Mr. Lewis has a marital interest in the property.
10. Prior to January 23, 2013, the vehicle was repossessed by Santander.
11. Mr. Lewis filed his petition for relief under Chapter 13 of the Bankruptcy Code on January 23, 2013.
12. Santander received notice that Mr. Lewis had filed. (See **Exhibit A**)

13. On January 24, 2013, Caitlin York from the DeLadurantey Law Office, LLC called Santander and spoke with "April" about releasing the car. She faxed notice to 1800-417-0251 Account No: 857-1279.
14. Later on January 24, 2013, Caitlin York spoke with "Alma" about the release and faxed notice to 214-237-3724.
15. Around 2:15pm, on January 24, 2013, Caitlin York spoke with an additional female representative from Santander who stated that they had not yet run the "review of pacer" and said that it was "possible that would be done later today."
16. On January 25, 2013, Caitlin York spoke with "Vanessa" who stated that the release was sent the previous day to Manheim Auction IL. "Vanessa" stated she would work to get permission to send the vehicle to a closer location and would have an answer within the hour. Caitlin York gave "Vanessa" her direct line to call back with the information.
17. Later on January 25, 2013, Caitlin York spoke with "Heather" at Manheim Auctions. She found that they were located in Bolingbrook, Illinois.
18. Later on January 25, 2013, Caitlin York spoke with an additional representative from Santander who stated that the lender is still pending response.
19. Later on January 25, 2013, Caitlin York spoke with another woman from Santander who transferred her to another department.
20. Later on January 25, 2013, Caitlin York spoke with "Courtney" in the legal department of Santander, who informed her that she should call Attorney Jerome Johnson of "Galanis, Pallack, Jacobs, and Johnson."
21. Later on January 25, 2013, Caitlin York spoke with a legal assistant at Attorney Jerome Johnson's office who said that they don't handle bankruptcy work for Santander and referred her to Sedrick Gause.
22. Later on January 25, 2013, Caitlin York left a voicemail for Sedrick Gause.
23. On January 28, 2013, Caitlin York left a voicemail for James Cooper.
24. Later on January 28, 2013, Caitlin York spoke with "Denise" who sent her to the "reinstatement department." The call was disconnected.

25. On January 28, 2013 counsel for Mr. Lewis filed an Emergency Motion to Compel Turnover of the car.
26. On January 31, 2013, Santander called counsel for Mr. Lewis with a phone number to call to pick up the car. Caitlin York called them back and sat on hold for fifteen minutes without ever reaching anyone.
27. On February 1, 2013 the Honorable Judge McGarity conducted a hearing on the Emergency Motion to Compel Turnover and signed an Order on the Emergency Motion to Compel Turnover of Property, ordering that Santander Consumer USA turn over the car to Mr. Lewis. (See **Exhibit B**)
28. On February 5, 2013, Caitlin York left a message for "Vanessa Travino," manager at Santander.
29. On February 6, 2013, Santander filed a Proof of Claim, for $14,263.02 for the money loaned for the car. (See **Exhibit C**)
30. On February 7, 2013, Caitlin York left a message for "Vanessa" at Santander to call her before noon of that day.
31. Also on February 7, 2013, Caitlin York faxed a copy of the Order on Motion to Compel to both fax number that she had been previously given for Santander.
32. On February 8, 2013, Caitlin York left a message for "Vanessa" at Santander asking for her to call her back.
33. On February 8, 2013, Caitlin York spoke with Nicholya Farsee, Mr. Lewis' wife. Nicholya stated that she had received paperwork from Santander.
34. On February 11, 2013, Caitlin York left a voicemail for "Heather" at Manheim 630-759-3800x2174 requesting status of vehicle.
35. Later in the afternoon on February 11, 2013, Caitlin York left another voicemail for "Heather."
36. On February 12, 2013, Caitlin York spoke with "Heather" from Manheim and provided the VIN for the vehicle. "Heather" stated that they have no record of the vehicle.

37. On February 12, 2013 the DeLadurantey Law Office filed a Renewed Emergency Motion to Compel alleging that the creditor has received a copy of the Order and acknowledged a need to turn over the vehicle, but had failed to turn over the vehicle.
38. On February 14, 2013, the Court held a hearing in which the Honorable Judge McGarity held that Santander Consumer USA was required to turn over the car by February 18, 2013. Furthermore, the Judge held that if the vehicle was not timely returned to the debtor, sanction in the amount of $50 daily would accrue until the vehicle was returned.
39. On February 19, 2013, The Honorable Judge McGarity signed an Order on Renewed Emergency Motion to Compel Turnover of Property requiring the turnover of the 2006 Infinity G35 by February 18 and providing for sanction in the amount of $50 daily until the vehicle is returned and $300.00 in costs to the DeLadurantey Law Office, LLC. (See **Exhibit D**)
40. As of March 5, 2013, the vehicle has not yet been returned.
41. Mr. Lewis signed a Verification of Complaint regarding this Adversary Proceeding. (See **Exhibit E**)

## Count 1 – Request to Turnover Property of the Estate (11 U.S.C. § 542)

42. Mr. Lewis restates all above allegations.
43. 11 U.S.C. § 542 provides for the turnover of property which is part of the bankruptcy estate.
44. The vehicle is part of the bankruptcy estate. *Thompson v. General Motors Acceptance Corp., LLC,* 566 F.3d 699 (7th Cir., 2009).
45. The defendant had proper notice of the bankruptcy filing.
46. While the defendant has made some steps to indicate that it is going to give the car back, the defendant has not actually returned the car.

## Count 2 – Violation of Two Court Orders

47. Mr. Lewis restates all above allegations.

48. The defendant had notice of the hearing on February 1, 2013, but failed to attend the hearing.
49. The defendant had notice of the Order on the Emergency Motion to Compel Turnover of Property signed on February 1, 2013, but failed to turn over the vehicle.
50. The defendant had notice of the hearing on February 14, 2013, but failed to attend the hearing.
51. The defendant had notice of the Order on Renewed Emergency Motion to Compel Turnover of Property signed February 19, 2013, has failed to turn over the vehicle.
52. The defendant's failure to return the vehicle is in blatant disregard from not only one, but two orders signed by the presiding bankruptcy judge, the Honorable Judge McGarity.

## Count 3 – Willful Violation of the Automatic Stay

53. Mr. Lewis restates all above allegations.
54. Upon filing his Chapter 13 bankruptcy on January 23 2013, the Automatic Stay applied to all of his creditors.
55. Santander is a creditor.
56. Santander have neither sought nor been granted relief from the Automatic Stay.
57. Santander has actual knowledge of Mr. Lewis' bankruptcy.
58. Santander willfully violated the Automatic Stay (11 U.S.C. §362) by keeping property that is part of the bankruptcy estate.

WHEREFORE, Mr. Lewis prays that this Court will enter an Order:

A. Requiring the turnover of the vehicle under 11 U.S.C. § 542;
B. awarding to Mr. Lewis actual damages, including attorney fees, and punitive damages for violating of two court orders;
C. declaring Santander in willful violation of the Automatic Stay;

D. granting such additional relief as it deems necessary or proper.

Dated this 5th day of March, 2013.

/s/
Nathan E. DeLadurantey
DeLadurantey Law Office, LLC
735 W. Wisconsin Ave., Suite 720
Milwaukee, WI 53223
P: 414-377-0515
F: 414-755-0860
E: nathan@dela-law.com